**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**DESMOND DESHAWN SHAW** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-CV-258-JHM**

**COMMONWEALTH OF KENTUCKY** **DEFENDANT**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff Desmond Deshawn Shaw is a convicted inmate currently confined at the Roederer Correctional Complex. He names the Commonwealth of Kentucky as the sole defendant in this action. Plaintiff's complaint and amended complaint allege that on various dates between July of 2024 and April of 2026 the Commonwealth withheld exculpatory evidence and denied him a speedy trial, presumably in connection with state criminal proceedings against him. He also sues for false imprisonment and defamation of character because "they had put my face all over the news" and "slander[ed] my name." (DNs 1, 8). As relief, Plaintiff seeks monetary damages.

Over the last year, Plaintiff has filed six civil-rights actions suing the Commonwealth of Kentucky. The instant complaint asserts claims of false imprisonment and defamation, which appear to have been presented in nearly every complaint he has filed to date. *See Shaw v. Commonwealth of Ky.*, 3:25-CV-334-CRS; *Shaw v. Commonwealth of Ky.*, 3:25-CV-735-CRS

(consolidated); *Shaw v. Commonwealth of Ky.*, 3:26-CV-42-JHM; *Shaw v. Commonwealth of Ky.*, 3:26-CV-435-JHM (consolidated).[1]

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v.*

[1] In *Shaw v. Commonwealth of Ky.*, 3:25-CV-488-CRS, Plaintiff claimed ineffective assistance of counsel, "lack of evidence," and that he was denied the right to question witnesses.

*Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And a court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require a court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

### A. Section 1983 Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Thus, "[t]o state a § 1983 claim, a plaintiff must allege that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law." *Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016). A state is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the Commonwealth is not an entity capable of being sued under § 1983, all claims against it must be dismissed for failure to state a claim upon which relief may be granted. *See id.* (affirming dismissal of claims against non-suable entities for failure to state a claim upon which relief may be granted).

Alternatively, the Eleventh Amendment to the United States Constitution acts as a bar to all claims for relief against the Commonwealth of Kentucky. "[A] state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has expressly abrogated [the] states' immunity." *LeBlanc v. Hagan*, No. 1:16-CV-00178-GNS, 2017 WL 2779490, at *6 (W.D. Ky. June 27, 2017); *see also P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity. *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004). Thus, Plaintiff's claims would also be subject to dismissal as barred by the Eleventh Amendment. *See, e.g.*, *McKee v. Fayette Cir. Ct.*, No. 95-5011, 1995 WL 559331, at *2 (6th Cir. Sept. 20, 1995).

**B. Duplicative Claims**

"A complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action." *Mays v. Ortiz*, No. 1:26-CV-1101, 2026 WL 1194569, at *2 (W.D. Mich. May 1, 2026) (citing *Serlin v. Arthur Andersen & Co.*,

3 F.3d 221, 223 (7th Cir. 1993)). The instant complaint presents the same claims of false imprisonment and defamation against the Commonwealth as the complaints in Civil Action Nos. 3:25-CV-334-CRS; 3:25-CV-735-CRS; 3:26-CV-42-JHM; and 3:26-CV-435-JHM. The complaint in the present case does not add any additional information or aid in the disposition of those claims in the previous cases. Therefore, pursuant to § 1915A(b)(1), the Court will also dismiss these claims on the grounds that they are duplicative and, therefore, frivolous.

**IV.**

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: August 31, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.015